1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11   GEORGE CAMACHO DELGADO,              )   Case No.: 1:15-cv-00841 - --- - JLT
                                          )
12              Plaintiff,                )   ORDER DIRECTING THE CLERK TO ASSIGN A
                                          )   UNITED STATES DISTRICT JUDGE TO THE
13         v.                             )   ACTION
                                          )
14   DANIEL CRAIG DOLBEC and              )
     BRANDON J. ELLIS ,                   )   FINDINGS AND RECOMMENDATIONS
15                                        )   REMANDING THE MATTER TO KERN COUNTY
                Defendants.               )   SUPERIOR COURT FOR LACK OF
16                                        )   JURISDICTION AND DENYING DEFENDANT'S
                                          )   MOTION TO PROCEED IN FORMA PAUPERIS
17                                        )   AS MOOT.
                                          )
18   _____

19         Defendant Brandon Ellis seeks the removal of the unlawful detainer action initiated by George

20   Camacho Delgado in Kern County Superior Court, Case No. S-1500-CL-284158.[1]  (Doc. 1.)  Because

21   an action for unlawful detainer arises under California law, the Court lacks subject matter jurisdiction

22   over the complaint.  Accordingly, the Court recommends the action be **REMANDED** to Kern County

23   Superior Court, and Defendant's motion to proceed in forma pauperis be **DENIED**.

24   ///

25   _____

26      [1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources
     whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333
27   (9th Cir. 1993). The accuracy of the Court's records cannot reasonably be questioned, and judicial notice may be taken of
     court documents. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade
     Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*,
28   887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore,
     judicial notice is taken of the complaint filed in Case No. S-1500-CL-290687.

1

**I.      Removal Jurisdiction**

2          Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court

3   where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286,

4   392 (1987).  Specifically,

5          Except otherwise expressly provided by Act of Congress, any civil action brought in a
           State court of which the district courts of the United States have original jurisdiction,
6          may be removed by the defendant or defendants, to the district court of the United
           States for the district and division embracing the place where such action is pending.
7

8   28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the

9   Constitution, laws, or treaties of the United States."  *Id.* at § 1331.

10         A party seeking removal must file a notice of removal of a civil action within thirty days of

11  receipt of a copy of the initial pleading.  *Id.* at § 1446(b).  Removal statutes are to be strictly construed,

12  and any doubts are to be resolved in favor of state court jurisdiction and remand.  *See Gaus v. Miles*,

13  980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of proving its

14  propriety.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d

15  676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the

16  burden of establishing federal jurisdiction falls to the party invoking the statute").  If there is any doubt

17  as to the right of removal, "federal jurisdiction must be rejected."  *Duncan*, 76 F.3d at 1485.

18         The district court has "a duty to establish subject matter jurisdiction over [a] removed action

19  *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell &*

20  *Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v.*

21  *Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural

22  and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction").  Thus,

23  the Sixth Circuit explained that a court "can, in fact must, dismiss a case when it determines that it

24  lacks subject matter jurisdiction, whether or not a party has a filed a motion."  *Page v. City of*

25  *Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

26  **II.     Discussion and Analysis**

27         The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint

28  rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Significantly, the only cause of action identified by George Camacho Delgado in his complaint is unlawful detainer.  (*See* Doc. 1 at 11-14.)  An unlawful detainer action does not arise under federal law, but arises instead under state law.  *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").  Thus, Plaintiff has not raised a claim that invokes federal subject matter jurisdiction.

Defendant Brandon Ellis[2] seeks to invoke federal jurisdiction because he claims Plaintiff has violated the Protecting Tenants at Foreclosure Act of 2009 by giving a defective notice to vacate the premises. (Doc. 1 at 2-4.)  However, claims regarding the Protecting Tenants at Foreclosure Act "are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint."  *First Northern Bank of Dixon v. Hatanaka*, 2011 U.S. Dist. LEXIS 145066, at *11-12 (E.D. Cal. Dec. 16, 2011) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)); *see also Valles v. Ivy Hill Corp*., 410 F.3d 1071, 1075 (9th Cir. 2005) ("defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")  Moreover, "federal district courts have held that the Protecting Tenants at Foreclosure Act does not create a federal private right of action." *Aurora Loan Servs., LLC v. Montoya*, 2011 U.S. Dist. LEXIS 129905,

---

[2] Notably, only Brandon Ellis seeks removal of the action, and does not indicate his co-defendant, Daniel Craig Dolbec, consents to the removal. In cases involving multiple defendants, such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal petition. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (citing *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900)).  Consequently, the removal is procedurally deficient.

at *7, n. 3 (E.D. Cal., Nov. 9, 2011). Accordingly, the Court does not have jurisdiction over the action based upon Defendant's claim that Plaintiff violated the Protecting Tenants at Foreclosure Act.

### III.    Conclusion

Because there is no federal question appearing in the complaint, the Court cannot exercise jurisdiction over this action and the matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

### IV.    Findings and Recommendations

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.    The matter be **REMANDED** to the Superior Court of Kern County;

2.    Defendant's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED** as **MOOT**; and

3.    The Clerk of Court be **DIRECTED** to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).


IT IS SO ORDERED.

Dated:   __June 5, 2015__                    ____/s/ Jennifer L. Thurston__
                                             UNITED STATES MAGISTRATE JUDGE

4